UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH DAVID,

    Plaintiff,

v.                                                                       Case No. 18-10277

KUKA SYSTEMS NORTH                                HON. AVERN COHN
AMERICA, LLC,

    Defendant.

_____/

**MEMORANDUM AND ORDER**
**DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT (Doc. 16)**

I.

This is a case under the Family Medical Leave Act, 29 U.S.C. § 2601 (FMLA). Plaintiff Kenneth David (David) sued defendant KUKA Systems North America, LLC (KUKA) claiming interference with his rights under the FMLA and retaliating against him in violation of the FMLA by terminating his employment. KUKA filed a motion for summary judgment, contending that David could not prevail on his FMLA interference and retaliation claims because (1) he was not employed for the requisite 12 months to make him an "eligible employee" to invoke the protections of the FMLA and (2) there is no genuine dispute that David's termination was due to a reduction in force. The Court agreed and granted KUKA's motion. (Doc. 15).

Before the Court is David's motion to alter or amend the judgment. (Doc. For the reasons that follow, the motion will be denied.

II.

David seeks relief under Fed. R. Civ. P. 59(e).[1]  "Under Rule 59, a court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010) (internal quotations omitted).  "A motion under Rule 59(e) is not an opportunity to re-argue a case." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).  And a party cannot use Rule 59(e) to "raise new legal arguments that could have been raised before a judgment was issued." Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 395 (6th Cir. 2007).

III.

David first contends that because he was employed for 52 partial weeks, he meets the 12 month FMLA eligibility requirement.  Putting aside that David made this argument only in a passing footnote in opposing KUKA's summary judgment motion, he cannot prevail.  David cites 29 C.F.R. 825.110(b)(3), which provides:

> (b)  The 12 months an employee must have been employed by the employer need not be consecutive months, *provided*… (3) If an employee is maintained on the payroll for any part of a week, including periods of paid or unpaid leave (sick, vacation) during which other benefits or compensation are provided by the employer (e.g., workers' compensation, group health plan benefits, etc.), the week counts as a week of employment.  For purposes of determining whether intermittent/occasional/casual employment qualifies as at least 12 months, 52 weeks is deemed to be equal to 12 months. (emphasis in original.)

---

[1] As KUKA points out, David is seeking reconsideration of the Court's summary judgment order.  Motions for reconsideration must be filed within fourteen days.  See E.D. Mich. LR 7.1(h).  David's motion was filed twenty-eight days after the Court granted summary judgment.  Although untimely, the Court will consider the motion on the merits.

2

Here, David was not engaged in intermittent, occasional, or casual employment, and was therefore required to work for 12 months, not 52 partial weeks, before he became FMLA-eligible.  See 29 C.F.R. 825.110(a).  David does not provide any authority for the argument that 29 C.F.R. 825.110(b)(3), which specifically refers to intermittent/occasional/casual employment, applies to continuous full-time employees.  As KUKA points out, the limited case law does not support David's position.  In Gurley v. Ameriwood Indus., Inc., 232 F. Supp. 2d 969, 973 (E.D. Mo. 2002) and Walker v. Elmore County Bd. of Educ., 223 F. Supp. 2d 1255, 1258 (M.D. Ala. 2002), both district courts held that the regulation only applies to intermittent, occasional, or casual employees, not continuous employees.

David also argues that KUKA and Direct Staff, the recruiting agency KUKA used and through which it obtained David, are joint employers.  David says that his start date should be October 24, 2014, when David accepted KUKA's offer which was communicated through Direct Staff.  This argument also does not carry the day.  First, David did not raise this argument in opposing summary judgment and is therefore precluded from doing so now.  Second, the record does not establish that KUKA and Direct Staff had a joint employer relationship.  Rather, the record shows that KUKA paid a referral fee to Direct Staff when KUKA employed David.  In exchange for the referral fee, Direct Staff, Inc. "relinquish[ed] all employment responsibilities and employment rights to the candidate…" (Doc. 10-1, PageID 143.).  Thus, Direct Staff did not retain any control over David much less retain sufficient control to demonstrate that it acted as a joint employer.  See Russell v. Bronson Heating & Cooling, 345 F. Supp. 2d 761, 771 (E.D. Mich. 2004) (considering factors such as "authority to hire, fire and discipline

3

employees, promulgation of work rules and conditions of employment, issuance of work assignments and instructions, and supervision of employees' day- to-day activities").

David cites Mackey v. Unity Health System, 03-CV-6049T(F) (W.D. N.Y. May 10, 2004) in support. Mackey is inapposite. In Mackey, the plaintiff worked for a staffing agency on assignment at Unity Health System prior to being hired as a permanent employee. The district court found that plaintiff's period of assignment prior to being hired by Unity Health System must be counted for FMLA eligibility purposes. Here, by contrast, Direct Staff is not a temporary staffing agency and David was never employed by Direct Staff on any assignment at KUKA. From November 3, 2014 (the date he showed up for work) to October 30, 2015 (the date of his termination), David was employed directly by KUKA. Direct Staff was simply acting as a recruiter, who voluntarily relinquished all control over David. In short, there is no evidence to support the idea that KUKA was a joint employer with its recruiting agency.

Finally David challenges the Court's finding that even assuming he was FMLA eligible, KUKA had a legitimate business reason for his termination. David makes the same argument which is not proper on the Rule 59(e) motion. Regardless, KUKA presented evidence that its Aerospace Division underwent a reduction in force, which shifted the burden to David to show pretext. Again, David makes the same argument he made in his opposition brief – that he saw other controls project engineers working on projects to which he was assigned prior to this medical leave. The Court already rejected this argument, stating "[e]ven if true, that does not rebut or cast doubt on KUKA's articulated business reason for David's termination – a lack of work in the division and a failure to obtain bids." (Doc. 14, PageID 400).

IV.

For the reasons stated above, David's motion is DENIED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 5/20/2019
      Detroit, Michigan